UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TIMOTHY LEONARD | * | CIVIL ACTION |
| VERSUS | * | NO. 19-1609 |
| CHET MORRISON CONTRACTORS, L.L.C. and CM15, L.L.C. | * | SECTION A (2) |

**ORDER AND REASONS**

Before me is Plaintiff's Motion to Set Attorneys' Fees (ECF No. 45) incurred in filing a Motion to Compel (ECF No. 28), which this Court granted on October 28, 2020. ECF No. 34. The motion was originally scheduled for submission on January 20, 2021, but continued to February 3, 2021. ECF No. 47. As of this date, Defendants have not filed an Opposition Memorandum, and the deadline for same expired on January 26, 2021. *See* E.D. La. LR 7.5.

Having considered the record, the written submissions of counsel, the lack of an Opposition Memorandum, and the applicable law, IT IS ORDERED that plaintiff's motion is GRANTED IN PART AND DENIED IN PART as follows.

I.  **FACTUAL BACKGROUND**

This case arises from a December 13, 2018 incident during which Defendants' crew were in the process of dropping anchor and handling towlines aboard the M/V CM 15 when Plaintiff went overboard into the Gulf of Mexico. ECF No. 1, ¶ VI. Plaintiff alleges negligence on the part of Defendants and is seeking compensatory and punitive damages, as well as attorneys' fees. *Id.* at ¶¶ VIII, XIII, XV. Plaintiff issued Third and Fourth Requests for Production of Documents, but Defendants did not respond. ECF No. 28-1, 1–2. Accordingly, Plaintiff filed a Motion to Compel 57 days after serving the fourth discovery request. *Id.* In response, Defendants filed a Memorandum that simply stated, "Defendants should be able to complete and serve the responses

1

to Plaintiff in the next day or two and trust that this Motion will no longer be necessary prior to its hearing." ECF No. 32. Plaintiff filed a Reply Memorandum notifying the court that no responses had been delivered by the hearing date. ECF No. 33. Accordingly, the Court granted the Motion to Compel and reserved to Plaintiff the right to seek attorney's fees. ECF No. 34.

## II.  STANDARD OF REVIEW

If a motion to compel is granted, Rule 37(a) allows the court to award "reasonable expenses incurred in making the motion, including attorney's fees" after affording the parties an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees.[1] Lodestar is computed by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[2] The court should exclude all time that is excessive, duplicative, or inadequately documented.[3] "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized."[4]

The lodestar calculation, "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[5] Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[6] If the *Johnson* factors warrant an

---

[1] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jimenez v. Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010) ("The determination of a fees award is a two-step process. First, the court calculates the 'lodestar'....").
[2] *Hensley*, 461 U.S. at 433; *Jimenez*, 621 F.3d at 379–80 (citations omitted).
[3] *Jimenez*, 621 F.3d at 379–80; *see also Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . . .").
[4] *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir. 1986) (citation and quotation omitted); *accord Phila. Indem. Ins. Co. v. SSR Hosp., Inc.*, 459 F. App'x 308, 317 (5th Cir. 2012); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996).
[5] *Hensley*, 461 U.S. at 433.
[6] *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993). The twelve Johnson factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and

adjustment, the court may make modifications upward or downward to the lodestar.[7] "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account."[8] The lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances.[9]

### III.  LAW AND ANALYSIS

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgement.[10] In this case, Plaintiff seeks to recover $1,410.00, supported by Affidavits and an hourly log showing the time spent and time billed. ECF Nos. 45, 45-4, 45-5, 45-6, 45-7. Of the $1,410 fee request, $705.00 relates to the costs incurred in connection with the Motion to Compel and $705.00 relates to the filing of this Motion to Set Attorneys' Fees. *See* ECF No. 45-7.

#### A. Lodestar Calculation

##### 1. Reasonable Hourly Rate

The "appropriate hourly rate . . . is the market rate in the community for this work."[11] The rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'"[12] Satisfactory

---

ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717.
[7] *Watkins*, 7 F.3d at 457.
[8] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993)).
[9] *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).
[10] *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins.*, 129 F.3d 814, 822 (5th Cir. 1997)); *see also Hensley*, 461 U.S. at 437 (stating party seeking fee bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).
[11] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)).
[12] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.[13]

If the hourly rate is not opposed, it is prima facie reasonable.[14] Defendant did not oppose Plaintiff's motion, and thus, the hourly rates of $350 for attorney Arlen Braud II (29 years of experience), $250 for attorney Stephen Jackson (10 years of experience) and $100 for paralegal Connie Blue (35 years of experience) are prima facie reasonable. *See* ECF Nos. 45-4, 45-5, 45-6.

### 2. Hours Reasonably Spent on Litigation

To recover for paralegal fees, the services rendered by the paralegal must be legal in nature, or work traditionally performed by an attorney.[15] Work that is legal in nature includes, for example, "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence."[16] That work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[17] Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[18] Thus, when an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[19]

---

[13] *Blum*, 465 U.S. at 896 n.11.
[14] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995); *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted).
[15] *See Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 n. 1 (5th Cir. 1980).
[16] *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).
[17] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710–11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for time attorney spent copying and Bates-numbering documents).
[18] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, Mag. J.) (reducing hours billed for time attorney sent faxing documents) (citations omitted).
[19] *Kuperman*, 2009 WL 10737138, at *9 (citation omitted).

4

Plaintiff's records reflect that 7.0 hours were incurred incident to the Motion to Compel, but he seeks to recover for only 4.05 hours, which reflects the exercise of billing judgment. *See* ECF No. 45-7. Indeed, although clerical tasks are reflected on the hourly log, Plaintiff did not charge for the time spent on clerical duties as reflected by the 0.0 entry under the hours billed column for those tasks. *See id*. Likewise, the hourly log reflects that, when two attorneys performed the same task, Plaintiff did not charge for both attorneys' time as reflected by 0.0 in the hours billed column for one attorney. *Id*. Accordingly, Plaintiff has taken steps to exclude excessive or duplicative charges.

However, Plaintiff seeks to recover not only for the time associated with the Motion to Compel, but also for another 3 hours incurred in preparation of this Motion to Set Attorneys' Fees. When the motion for attorneys' fees is in connection to a Rule 37(a) motion to compel, however, the reasonable hours recoverable under Rule 37 are limited to only those hours directly connected to the motion to compel.[20] Rule 37(a) only allows a court to award fees and expenses incurred in securing the order compelling discovery.[21] Accordingly, only the 4.05 hours in connection with securing the order compelling discovery is compensable, not the 3 hours incurred in filing this motion. The court further finds that 4.05 hours incurred in connection with securing the order compelling discovery is reasonable for the work associated with the Motion to Compel.

---

[20] *Stagner v. W. Kentucky Navigation, Inc.*, No. 02-1418, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").

[21] *See Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981); *see also American Hangar, Inc. v. Basic Line, Inc.* 105 F.R.D. 173, 175–76 (D. Mass. 1985) (stating that Rule 37(a) only provides for the expenses in bringing the motion, not for expenses relating to the underlying discovery dispute); *see SCM Societa Commerciale S.P.A. v. Indus. & Commercial Research Corp.*, 72 F.R.D. 110, 112 (N.D. Tex. 1976) (stating Rule 37(b) provides for a wider range of sanctions than does Rule 37(a)).

B. <u>Adjusting the Lodestar</u>

The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

IV. **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Timothy Leonard's Motion to Set Attorneys' Fees (ECF No. 45) is GRANTED IN PART AND DENIED IN PART as stated herein. Plaintiff is awarded reasonable attorneys' fees and expenses in the amount of $705.00.

IT IS FURTHER ORDERED that Defendants satisfy the obligation to Plaintiff no later than twenty-one (21) days from the issuance of this Order.

New Orleans, Louisiana, this  10th   day of February, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

6