UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TIMOTHY LEONARD | * | CIVIL ACTION |
| VERSUS | * | NO. 19-1609 |
| CHET MORRISON CONTRACTORS, L.L.C. and CM15, L.L.C. | * | SECTION "A" (2) |

## ORDER AND REASONS

Before me is a Motion for Sanctions (ECF No. 57) filed by Plaintiff Timothy Leonard against Defendants Chet Morrison Contractors, L.L.C., and CM15, L.L.C. for their alleged repeated late production of documents. *Id.* at 1. Defendants oppose the motion, arguing that its initial electronic records search failed to locate a requisition form and related document and that their subsequent, different search parameters led to the later discovery of the documents at issue. ECF No. 64, at 2. Having considered the record, the applicable law and the written submissions of counsel, Plaintiff's Motion for Sanctions is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.  **FACTUAL BACKGROUND**

Plaintiff worked as the barge foreman for Defendants. ECF No. 57-1, at 1. This case arises from a December 13, 2018 incident during which Defendants' crew members were in the process of dropping anchor and handling towlines aboard the M/V CM 15 during which Plaintiff went overboard into the Gulf of Mexico. ECF No. 1, ¶ VI; ECF No. 57-1, at 1.

In the pre-job meeting before the vessel departed, Defendants advised that the P4 anchor would be taken out of service. ECF No. 57-1, at 1–2. After Defendants' barge superintendent testified that he had submitted a requisition form to change out the P4 anchor before the incident but that request was denied, Plaintiff noticed Defendants' Rule 30(b)(6) deposition identifying

1

certain areas of inquiry related to the replacement or maintenance of anchor cables/ropes and requested production of documents reflecting the schedule for replacement of all anchor cables/ropes for two years prior to the incident.  *Id.* at 2; ECF No. 57-6 ¶¶ 31, 36, at 16, 20.  The deponent was asked about the requisition mentioned by the barge superintendent, and he testified that a search was conducted but such document was not located.  ECF No. 57-1, at 2–3.  Plaintiff inquired about the requisition form during another deposition of a clerk, who testified he did not recall the form and that no one asked him to locate any such requisition.  *Id.* at 3.

On the morning before the deposition of Defendants' risk manager, John DeBlieux, Defendants produced additional documents including an April 18, 2018 requisition form and April 19, 2018 purchase order.  *Id.* at 4; ECF No. 64, at 2.  Plaintiff seeks sanctions "based on the harm Defendants' actions have had on his ability to prepare his case for trial," arguing that this was no harmless error given Plaintiffs repeated requests for this document since the inception of the litigation.  ECF No. 57-1, at 4.  Plaintiff contends that Defendants' previous delayed production of the cable log (*see* ECF No. 49) and now this late production of the missing requisition form reflects their failure to engage in discovery on a good faith basis.  *Id.* at 6.  Plaintiff asks that he be allowed to re-depose all fact witnesses to ask the questions he was unable to ask without the documents and that Plaintiff be allowed to conduct an on-site review/search of Defendants' electronically stored information through an expert of his choosing.  *Id.* at 7–8.

Defendants oppose the motion and explain that, in preparing DeBlieux for deposition, counsel specifically inquired about the requisition form that the barge foreman said he submitted.  ECF No. 64, at 2.  DeBlieux sought to confirm that no requisition existed and "searched in a different manner than had previously been conducted."  *Id.*  Previously, Defendants searched for the requisition by the job whereas DeBlieux searched by vendor after inquiring as to what vendors

supply anchor cables to Defendants.  *Id.*  Defendants contend that their failure to initially search in the same manner as DeBlieux does not indicate that they acted in bad faith.  *Id.* at 3.  Defendants offer to allow Plaintiff to depose their corporate representative on the initial search efforts to confirm that there was no bad faith.  *Id.*  Defendants further suggest that, if Plaintiff specifies desired search terms, Defendants will run those specified search terms as well, but they object to allowing Plaintiff to conduct an on-site ESI search.  *Id.*  Defendants also object to re-deposing "every witness."  *Id.* at 3–4.

## II.     APPLICABLE LAW

Rule 26 of the Federal Rules of Civil Procedure requires a party to produce non-privileged documents that are relevant to any party's claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  This broad duty of disclosure extends to all documents that fit the definition of relevance for the purposes of discovery—whether the documents are good, bad, or indifferent.[1]  The disclosure duty is a central concept of the discovery process and finds expression not only in the rules of discovery, but also this Court's Rules of Professional Conduct, which prohibit an attorney from suppressing any evidence that he or his client has a legal obligation to reveal or produce.[2]  Federal Rules of Civil Procedure 26(a) and (e) also require a litigant to supplement disclosures and discovery responses once the litigant learns that the disclosures or discovery responses are incomplete.  *See* Fed. R. Civ. P. 26.

Under Federal Rule of Civil Procedure 37(c)(1):

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees,

---

[1] *Yelton v. PHI, Inc.*, 279 F.R.D. 377, 384 (E.D. La. 2011), *objections overruled*, 284 F.R.D. 374 (E.D. La. 2012) (citation omitted).
[2] *Id.*

>caused by the failure; . . . and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). Moreover, courts have the inherent power to sanction litigants for a wide range of abuses during litigation.[3] Courts must, however, exercise their inherent powers with restraint and discretion.[4] "Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct."[5] The purpose of discovery sanctions are to secure compliance with the rules of discovery, deter others from violating them, and punish those who do violate them.[6]

Sanctions may be imposed on a party that, without substantial justification, fails to disclose information required by Rule 26(a) or 26(e).[7] A failure to disclose under Rule 37 includes not only spoliation of evidence, but also a party's untimely production of documents and information required to be produced.[8] And while a finding of bad faith or willful misconduct is required to support the severest remedies under Rule 37(b) (i.e., striking pleadings or dismissing a case), lesser sanctions do not require a finding of willfulness.[9] The presence or lack of good faith is relevant to the orders that should be given and the severity of the sanctions.[10]

### III.  ANALYSIS

The parties do not dispute that Defendant failed to produce the requisition form within 30

---

[3] *Echeverry v. Padgett*, No. 17-6494, 2019 WL 4572786, at *2 (E.D. La. Sept. 20, 2019) (citing *Orchestratehr, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 494 (N.D. Tex. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 46 (1991))); *see also Akin v. Q-L Investments, Inc.*, 959 F.2d 521, 535 (5th Cir. 1992) ("[C]ourt has broad discretion to fashion an appropriate sanction.").
[4] *Chambers*, 501 U.S. at 44.
[5] *Orchestratehr, Inc.*, 178 F. Supp. 3d at 498 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993); Fed. R. Civ. P. 11(c)(4)).
[6] *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976).
[7] *Lighthouse Prop. Ins. Corp. v. BMW of N. Am., LLC*, No. CV 16-14116, 2018 WL 488993, at *2 (E.D. La. Jan. 19, 2018) (citing *In re Sept. 11th Liab. Ins.*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007) (citing Fed. R. Civ. P. 37(c)(1))).
[8] *Id.*
[9] *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488–89 (5th Cir. 2012) (citing *Chilcutt v. United States*, 4 F.3d 1313, 1323 n. 23 (5th Cir. 1993) (courts "have authority to grant a broad spectrum of sanctions" under Rule 37(b), and "neither this Court nor the Supreme Court has ever determined that the lack of willful, contumacious, or prolonged misconduct prohibits all sanctions")).
[10] *Echeverry*, 2019 WL 4572786, at *2 (citing *B.F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir. 1964)).

days of the relevant discovery requests, and it was only produced when Defendant's risk manager undertook an additional search effort in connection with his deposition preparation. This Court will not tolerate discovery abuses or the failure to act in good faith during discovery. Nor will the Court assume, however, that a party has acted in bad faith without any evidence to substantiate that assertion. Plaintiff may interrogate Mr. DeBlieux regarding his discovery of the requisition form to determine how he was able to locate same when Defendants' initial search effort did not, and he may also depose Defendants' corporate representative as to the initial search efforts. Those depositions may provide evidence to support Plaintiff's assertion that Defendants have acted in bad faith, but at this point, Plaintiff has not established that Defendants' delayed production of the requisition form is the result of discovery misconduct rather than mere negligence. Defendants' negligence, however, does not shield it entirely from Rule 37, though it is an appropriate consideration in addressing the appropriate sanction.

     Plaintiff asks that he be allowed to re-depose all witnesses to ask questions he was unable to ask without the document. Plaintiff does not explain, however, how "all witnesses" could possibly be relevant information regarding this requisition form, nor does he identify any specific witness whom he desires to depose for a second time on this one issue. This Court does not have sufficient information to determine whether a second deposition is necessary or proper. Accordingly, the parties are directed to confer regarding same, with Plaintiff identifying the particular witnesses he seeks to depose for a second time. If the parties agree, the depositions may proceed but shall be limited to questions directly related to the requisition form. If the parties are unable to agree, Plaintiff may file a Motion for Leave pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii).

     This case illustrates the importance of a robust Rule 26(f) conference at the outset of litigation. During this early conference, the parties should discuss, among other things, a discovery

plan (Fed. R. Civ. P. 26(f)(3)) that specifically addresses discovery of electronically stored information, including search protocols, search terms, date ranges, and other search and review parameters.  The parties apparently did not agree on search terms or parameters at the outset, and are now faced with the situation where Defendants' initial search did not locate a responsive document that was later located via a different search protocol.

Plaintiff now asks that he be allowed to conduct an on-site review or search of Defendants' electronically stored information through an expert of his choosing, at Defendants' costs.  Rather than require either party to incur those additional costs, the parties are directed to hold a Rule 26(f) conference within 7 days of this Order.  During that conference, Defendants must specify the earlier search efforts and parameters.  Should Plaintiff find those efforts deficient, Plaintiff must specify reasonable, specific search terms and parameters for another search, which terms and parameters must be delivered to Defendants within 7 days of the Rule 26(f) conference. Defendants must then conduct the additional search, using Plaintiff's search terms and parameters, within 7 days of Plaintiff's notice.

### IV.     CONCLUSION

Plaintiff may interrogate Mr. DeBlieux regarding his discovery of the requisition form. Counsel must meet and confer regarding whether a second deposition of any particular fact witness is necessary with regard to the requisition form.  The parties must also confer regarding Defendants' prior search parameters and Defendants must conduct another search, if necessary, using Plaintiff's specified search terms and reasonable parameters.  The parties are on notice that this Court will not tolerate delay or disregard of a party's discovery obligations under the Federal Rules of Civil Procedure, and that such conduct may result in sanctions.

For the foregoing reasons, Plaintiff's Motion for Sanctions (ECF No. 57) is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this 9th day of April, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE